IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EMIGDIO AND CATARINA PACHECO   PLAINTIFFS | § § § | |
| VS. | § § | CASE NO. 7:15-cv-464 |
| STANDARD GUARANTY INSURANCE COMPANY   DEFENDANT | § § § § § | |

## STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.  Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 as follows:

### I. INTRODUCTION

2.  This case is removable because all proper parties to this litigation are citizens of different states and the matter in controversy exceeds $75,000.00.

### II. COMMENCEMENT AND SERVICE

3.  The underlying lawsuit was commenced on September 1, 2015, when Plaintiffs filed their Original Petition and Request for Disclosure ("Original Petition") in the County Court at Law No. 8, Hidalgo County, Texas, styled Cause No. CL-15-2973, *Emigdio and Catarina Pacheco v. Standard Guaranty Insurance* ("Petition")[1]. Standard Guaranty first received the Original Petition on or about October 20, 2015 via certified mail, return receipt from the Texas Department of Insurance, which was mailed on October 14, 2015.[2]

4.  This Notice of Removal is filed within thirty days of Standard Guaranty's receipt of the Petition. Thus this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[1] *See* Exhibit B-1, Original Petition and Request for Disclosure file-marked September 1, 2015.
[2] See Exhibit A-2

This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III. GROUNDS FOR REMOVAL

5. Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV. DIVERSITY OF CITIZENSHIP

6. This is an action with complete diversity of citizenship between Plaintiffs and the Defendant.

7. Plaintiffs are citizens of Texas.

8. Standard Guaranty is organized under the laws of Delaware with its principal place of business in Atlanta, Georgia. Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[3]

9. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

### V. AMOUNT IN CONTROVERSY

10. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages (as is the case here) has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount. *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A). *See also DeAguilar* at 1411-12. If a defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to

---

[3] *See* Exhibit H, Kroll Affidavit.

the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[4]  In this Circuit, the amount in controversy is calculated by considering all potential damages. *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages).

A.   **AVAILABLE FACTS PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

11.   If this Court makes an independent appraisal of the amount of Plaintiffs' claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.

12.   Courts in the Fifth Circuit frequently look to demand letters to ascertain the amount in controversy. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000) (considering demand letter to determine amount in controversy).  Here, Plaintiffs served Standard Guaranty with a demand letter dated June 16, 2015 seeking economic damages of $61,814.61, 18% interest of $22,253.24 and attorney's fees of $21,016.96, totaling $105,084.81.[5]  By that demand alone, it is established that the amount in controversy that Plaintiffs' claim in this case exceeds $75,000.00.  Even so, these amounts do not include additional damages sought by the demand letter and Original Petition, such as treble damages, punitive damages, additional statutory interest at the rate of 18% per year, and attorneys' fees incurred through trial.[6]

---

[4] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[5] Exhibit G, June 16, 2015, Demand Letter, at p. 4.

[6] *See* Exhibit B-1, Original Petition, at pp. VIII, XI, XIII; *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir.

13. In paragraph VIII of Plaintiffs' Original Petition, it states that 'PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages." Plaintiffs' claimed treble economic damages ($185,443.83), and attorney fees to date ($21,016.96) alone add up to $206,460.79.[7] Furthermore, based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will greatly increase throughout the course of litigation. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating in addition to interest, that amount in controversy should include penalties, statutory damages, punitive damages and potential attorneys' fees incurred through trial). Accordingly, the Original Petition, Plaintiffs' demand letter and the policy limits of $44,000.00[8] establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

B. **PLAINTIFFS' PLEADING IS NOT A PROPER STIPULATION OF DAMAGES**

14. "Once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint". DeAguilar, 47 F.3d at 1412.

15. This Court should disregard Plaintiffs' improper attempt to manipulate jurisdiction to avoid federal court by way of a nonbinding statement of damages in the Petition. Plaintiffs' Original Petition does not seek a specific amount of damages. Instead, Plaintiffs seek "damages of monetary relief of $100,000 or less." Exhibit B-1, ¶I. In a bold effort to defeat federal diversity jurisdiction, Plaintiffs then add they are "seeking damages of monetary relief of

---

2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); Exhibit G, p. 4.

[7] Exhibit G, Demand Letter, at p. 4.
[8] Exhibit "I," Pacheco Lender-Placed Policy.

no more than $75,000.00." *See DeAguilar v. Boeing*, 47 F.3d 1404, 1409-10 (5th Cir. 1995). Such statements fail to satisfy the requirements of a legally binding stipulation to prevent removal.

16. Federal courts properly disregard monetary pleadings (similar to Plaintiffs' Original Petition) in Texas for removal purposes because "the State practice…does not permit demand for a specific sum [and] permits recovery of damages in excess of the amount demanded."[9] In *Novola* Judge Alvarez reviewed a similar non-binding stipulation of damages in a removal proceeding and stated:

> As recognized by the *De Aguilar II* Court, and asserted by State Farm in its response, Noyola's allegations violated Texas law, which prohibited plaintiffs from alleging a specific dollar amount of damages at the time the petition was filed. These considerations inform the Court's opinion that, instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, plaintiff [is] attempting to avoid federal jurisdiction." As a result, the allegations fall within the statutory exception and precedential definition of "bad faith," and the Court finds that the amount demanded in the complaint does not control the analysis.[10]

Under the same circumstance, the *Troiani*, Court stated:

> When a plaintiff specifically limits his recovery in an attempt to avoid federal jurisdiction, his claim will not control if made in bad faith. *De Aguilar*, 47 F.3d at 1409-10. A plaintiff's claim will be characterized as made in bad faith if it was made "with the knowledge that the claim is actually worth more, but also with the knowledge that [the plaintiff] may be able to evade federal jurisdiction by virtue of the pleading."[11]

---

[9] 28 U.S.C. § 1446(c)(2)(A)(ii); Tex. R. Civ. P. 47 (addressing permissible claims for relief); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (Texas law permits post-verdict amendments to conform the amount of damages requested to that awarded by a jury); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL5803816 (W.D. Tex. October 28, 2013) (denying remand despite stipulation of damages, stating "[a]pparently, Plaintiff believes that this rule provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less."); *Noyola v. State Farm Lloyds*, 7:13-CV-146, 2013 WL 3353963 (S.D. Tex. July 3, 2013) (same).

[10] *Noyola*, 2013 WL 3353963, at *1-2 (ultimately denying Plaintiff's Motion to Remand).

[11] *Troiani v. Allstate Insurance Company*, No. CIVA B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2013) (ultimately, denying Plaintiff's motion to remand despite Petition's statement that he seeks "monetary and other relief not in excess of $70,000.").

17. To avoid removal, a plaintiff can show that state law prohibits recovery in excess of $75,000.00; or the plaintiff may do so by filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that he affirmatively seeks less than the jurisdictional threshold and further stating that he will not accept an award that exceeds that threshold." *Griffin v. Ga. Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 778 (W.D. La. 2008) (citing *DeAguilar*, 47 F.3d at 1412). Plaintiffs did not file a binding stipulation or affidavit with the Petition stating affirmatively that they seek less than jurisdictional amount or that under no circumstances would they accept an award over $75,000.00. *Griffin*, at 778. As such, there is no law limiting Plaintiffs' recovery to $75,000.00 or less.

18. In this case, the Court should follow the above well-established law and disregard the Petition's bad faith and non-binding stipulation of damages. In the present case, Plaintiffs did not submit a legally binding stipulation or affidavit limiting the amount in controversy below the jurisdictional minimum, but merely included a bad faith recitation of damages in their Petition. Accordingly, the Original Petition and estimate establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## VI. VENUE

19. Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiffs filed the state court action in this judicial district and division.

## VII. NOTICE AND CONSENT TO REMOVAL

20. Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

21. No Consent to Removal is necessary as Standard Guaranty is the only named defendant in this lawsuit.

## VIII. STATE COURT PLEADINGS

22. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX. EXHIBITS TO NOTICE OF REMOVAL

23. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

- A. All executed process in the case;
    1. Plaintiffs' September 1, 2015 Original Petition and Request for Disclosure
    2. Letter dated October 14, 2015 from Texas Department of Insurance to Defendant transmitting the Petition.
- B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
    1. Plaintiffs' September 1, 2015 Original Petition and Request for Disclosure
    2. Plaintiffs' September 15, 2015 Petition and Request for Disclosure
    3. Defendant's Original Answer
- C. Docket sheet;
- D. An index of matters being filed;
- E. A list of all counsel of record, including addresses, telephone numbers and parties represented;
- F. Civil Cover Sheet;
- G. Plaintiffs' June 16, 2015, Demand Letter;
- H. Affidavit of E. James Kroll;

      I. Pacheco Lender-Placed Policy; and

      J. Certificate of Interested Parties.

24. There are no orders signed by the state court judge.

## X. JURY DEMAND

25. Plaintiffs have demanded a jury in the state court proceeding.

## XI. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 332nd Judicial District Court of Hidalgo County, Texas to this Court.

Dated: November 6, 2015.

Respectfully submitted,

/s/ Carter L. Ferguson
Carter L. Ferguson
Federal I.D. 33538
State Bar No. 06909500
Email:  cferguson@belaw.com
April F. Robbins
Federal I.D. 14875
State Bar No. 16983470
Email:  arobbins@belaw.com

BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas 76102
Telephone: (817) 338-1700
Facsimile:  (713) 337-8850

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure on this 6th day of November, 2015 as follows:

| | |
|---|---|
| Vincente Gonzalez | **Via Electronic Filing** |
| vgusalaw@yahoo.com | |
| Aloysius Peter Thaddeus Jr. | |
| peter@vgonzalezlaw.com | |
| Peyton S. Kampas | |
| peyton@vgonzalezlaw.com | |
| The Law Offices of V. Gonzalez & Assoc., PC | |
| 121 N. 10th Street | |
| McAllen, TX 78501 | |

                                                       */s/  Carter L. Ferguson*
                                                           Carter L. Ferguson